JL

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Dominique Brown,

                Plaintiff,

v.

Manuel Rubalcaba,

                Defendant.

No.   CV 21-01782-PHX-MTL (MHB)

**ORDER**

**I.**  **Procedural History**

On October 5, 2021, Plaintiff Dominique Brown, who is confined in a Maricopa County Jail, filed a Complaint (Doc. 1-3 at 12-15)[1] in the Superior Court of Maricopa County, Arizona, against Manuel Rubalcaba.  On October 21, 2021, Defendant Rubalcaba filed a Notice of Removal and removed the case to this Court.

**II.**  **Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction.  28 U.S.C. § 1441(a).  In his Complaint, Plaintiff alleges, among other things, that Defendant has violated Plaintiff's Eighth and Fourteenth Amendment rights.  Defendant is a Deputy Maricopa County Attorney, who is prosecuting Plaintiff.  This Court's jurisdiction extends to such claims.  *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

actions arising under the Constitution, laws, or treaties of the United States"). The Notice of Removal was filed within 30 days of Defendant Rubalcaba being served. It therefore appears this case was timely and properly removed.

**III.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

Prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Buckley*, 509 U.S. at 270; *see also Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.,* 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police).

Plaintiff alleges that Defendant Rubalcaba has continued to prosecute him for felony murder, although Rubalcaba knows Plaintiff did not commit murder. Defendant Rubalcaba

is absolutely immune from liability for such claims.  Thus, Plaintiff cannot state a claim under § 1983 against Defendant Rubalcaba.  The Court will therefore dismiss the Complaint and this action.

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1-3 at 12-15) is **dismissed** pursuant to 28 U.S.C. § 1915A(a).  The Clerk of Court must enter judgment accordingly.

Dated this 26th day of October, 2021.

Michael T. Liburdi
United States District Judge